FILED
JUN -1 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DARIUS CARTER, ) <br> LYNN HOOKS, and ) <br> DAKOTA CARR, ) <br> ) <br> Defendants. ) | **4:22CR00313 HEA/SRW** |

## INDICTMENT

### COUNT ONE

**(False Statements in Acquisition of Firearms)**

The Grand Jury charges that:

On or about July 14, 2017, in Saint Louis County, within the Eastern District of Missouri,

**DARIUS CARTER,
LYNN HOOKS, and
DAKOTA CARR,**

the Defendants herein, aiding and abetting each other, in connection with the acquisition of two firearms, an HK model VP9 9mm firearm bearing serial number 224-021754 and a Glock model 42 .380 caliber firearm bearing serial number ACNF628, from Piazza Jewelry & Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Piazza Jewelry & Pawn, which statement was intended and likely to deceive Piazza Jewelry & Pawn, as to a fact material to the lawfulness of such sale of the said firearms to the Defendants under Chapter 44 of Title 18, in that the Defendants did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 ("ATF Form 4473"), Firearms Transaction Record, to the effect that Defendant Hooks was

the actual buyer of the firearms indicated on the ATF Form 4473, when in fact as the Defendants then knew, she was not the actual buyer of the firearms.

In violation of Title 18, United States Code, Sections 2, 922(a)(6) and 924(a)(1)(A).

## COUNT TWO

### (Conspiracy to Make False Statements in Acquisition of Firearms)

The Grand Jury further charges that:

### INTRODUCTION AND BACKGROUND

1. At all relevant times, Piazza Jewelry & Pawn was located at 10201 Page Avenue, Overland, Missouri 63132, within St. Louis County and the Eastern District of Missouri.

2. At all relevant times, Piazza Jewelry & Pawn was a licensed dealer of firearms and possessed a Federal Firearm License ("FFL").

3. Piazza Jewelry & Pawn was required to complete a Firearms Transactions Record, also known as an ATF Form 4473, for over-the-counter sales of firearms.

4. The information and certification on the ATF Form 4473 are designed to allow the holder of a FFL, in this case Piazza Jewelry & Pawn, to determine if Piazza may lawfully sell or deliver a firearm to the person identified in Section A of that form.

5. Generally, the ATF Form 4473 must be completed at the licensed business's premises when a firearm is transferred over-the-counter.

6. After the transferor/seller has completed the firearms transaction, the transferor/seller must make the completed, original ATF Form 4473, and any supporting documents, part of the transferor/seller's permanent records.

7. On or about May 15, 2017, Defendant Darius Carter signed an Order of Probation for the felony offense of possession of a controlled substance through the State of Missouri Department of Corrections Board of Probation and Parole. The Order of Probation imposed a

condition regarding weapons that states in relevant part as follows: "I will not own, possess, purchase, receive, sell, or transport any firearms, ammunition … or any dangerous weapon if I am on probation or parole for a felony charge …".

8. S.M. was involved in a romantic relationship with Defendant Darius Carter. S.M. was twenty years of age in early June 2017, and at all times relevant herein.

9. Defendant Lynn Hooks is the mother of Defendant Darius Carter.

10. At all relevant times, Defendant Dakota Carr was an employee of Piazza Jewelry & Pawn, at 10201 Page Avenue.

11. At all relevant times, Defendant Dakota Carr was a friend and associate of Defendant Darius Carter.

## THE CONSPIRACY

Beginning at a time unknown, but including June 2, 2017, through July 14, 2017, and up to and including October 31, 2017, within St. Louis County and the Eastern District of Missouri,

**DARIUS CARTER,**
**LYNN HOOKS, and**
**DAKOTA CARR,**

the Defendants herein, did unlawfully, knowingly, and intentionally conspire, combine, confederate and agree, with each other and with persons known and unknown to the Grand Jury, to commit offenses against the United States of America, namely, the crime of making a false written statement in the acquisition of a firearm intended and likely to deceive a licensed dealer to a fact material to the lawfulness of the sale of a firearm, in violation of Title 18, United States Code, Section 922(a)(6), and the crime of knowingly making a false statement with respect to the information required to be kept by a licensed dealer within the meaning of Chapter 44, Title 18, United States Code, in violation of Title 18, United States Code, Section 924(a)(1)(A), and during

the course thereof, one or more of such persons committed an overt act to effect the object of the conspiracy.

## OBJECT AND PURPOSE

1. The object and purpose of the conspiracy included that Defendant Darius Carter, who was prohibited by the terms of his probation from possessing firearms and ammunition, sought to obtain and possess an HK 9mm firearm from Piazza Jewelry & Pawn.

2. The object and purpose of the conspiracy included that Defendant Darius Carter, sought to obtain a Glock .380 caliber firearm for S.M., age twenty, from Piazza Jewelry & Pawn.

3. The object and purpose of the conspiracy included that Defendant Darius Carter sought to enlist other persons, including Defendant Lynn Hooks, to make a false and fictitious written statement on an ATF Form 4473, that she was the actual buyer of the firearms, and for Defendant Dakota Carr to process the ATF Form 4473 to facilitate the transfer of an HK model VP9 9mm firearm bearing serial number 224-021754 and a Glock .380 caliber firearm bearing serial number ACNF628 from Piazza Jewelry & Pawn to Defendant Lynn Hooks, who would in turn transfer the firearms to Defendant Darius Carter and S.M., respectively.

## MANNER AND MEANS

The Defendants and others accomplished and attempted to accomplish the objects of the conspiracy in the following manner and through the following means:

1. Defendant Darius Carter sought to enlist other persons, including Defendant Lynn Hooks, to make a false and fictitious written statement on an ATF Form 4473 that she was the actual buyer of the firearms, and for Defendant Dakota Carr to process the ATF Form 4473 to facilitate the transfer of an HK model VP9 9mm firearm and a Glock .380 caliber firearm bearing serial number ACNF628 from Piazza Jewelry & Pawn to Defendant Lynn Hooks, who would in

turn transfer the firearms to Defendant Darius Carter and S.M., respectively.

2. It was further a part of the conspiracy that on or about June 15, 2017, Defendant Lynn Hooks placed three firearms on a "lay away" payment plan at Piazza Jewelry & Pawn. The firearms are identified as follows: (a) An HK model VP9 9mm firearm bearing serial number 224-021754; (b) A Glock model 42 .380 caliber firearm bearing serial number ACNF628; and (c) A Glock model 42 .380 caliber firearm bearing serial number ACNH633. Defendant Lynn Hooks only intended to buy the Glock model 42 .380 caliber firearm bearing serial number ACNH633 for herself. Thereafter, the conspirators made payments to facilitate the purchase of the HK model VP9 9mm firearm and a Glock .380 caliber firearm bearing serial number ACNF628 for Defendant Darius Carter and S.M., respectively.

3. It was further a part of the conspiracy that on or about July 14, 2017, Defendant Lynn Hooks knowingly made a false and fictitious written statement to Piazza Jewelry & Pawn, which statement was intended and likely to deceive Piazza Jewelry & Pawn, as to a fact material to the lawfulness of such sale of the said firearm to the Defendants under Chapter 44 of Title 18, in that the Defendants did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that Defendant Lynn Hooks was the actual buyer of the HK model VP9 9mm firearm bearing serial number 224-021754 and the Glock model 42 .380 caliber firearm bearing serial number ACNF628 indicated on the ATF Form 4473, when in fact as the Defendants then knew, she was not the actual buyer of those firearms.

4. It was further a part of the conspiracy that on or about July 14, 2017, Defendant Dakota Carr, knowing that Defendant Lynn Hooks was not the actual buyer of the HK model VP9 9mm firearm bearing serial number 224-021754 and the Glock model 42 .380 caliber firearm

bearing serial number ACNF628, processed the ATF Form 4473, in which Defendant Lynn Hooks represented that she was the actual buyer of those firearms.

5. It was further a part of the conspiracy that on or about July 14, 2017, Defendant Darius Carter took possession of the HK model VP9 9mm firearm bearing serial number 224-021754 and S.M. took possession of the Glock model 42 .380 caliber firearm bearing serial number ACNF628.

## OVERT ACTS

In furtherance of the conspiracy and to affect the objects thereof, overt acts were committed in the Eastern District of Missouri, including but not limited to the following:

1. On or about June 2, 2017, Defendant Darius Carter sent an SMS text message to his and S.M.'s mutual friend, a third person, asking, "Do you have a clear background," to which K.D. responded "Yes why." Defendant Darius Carter then asked, "Would you put a gun in your name and gifted to Sarah." When the mutual friend asked "How would i do that," Defendant Darius Carter responded, "I got to talk to Dakota about it but there's no way." Minutes later, Defendant Darius Carter messaged Defendant Dakota Carr to the effect, "I can gifted [S.M.] a handgun right." Defendant Dakota Carr replied, "Yea." Defendant Darius Carter responded by asking "Bet how does it work." Defendant Dakota Carr replied, "Just do a bill of sale like you and me did," to which Defendant Darius Carter replied, "Ok bet."

2. On or about June 15, 2017, Defendant Lynn Hooks traveled to Piazza Jewelry & Pawn and placed three firearms on a "lay away" payment plan. The firearms are identified as follows: (a) An HK model VP9 9mm firearm bearing serial number 224-021754; (b) A Glock model 42 .380 caliber firearm bearing serial number ACNF628; and (c) A Glock model 42 .380 caliber firearm bearing serial number ACNH633. Defendant Lynn Hooks only intended to buy

the Glock model 42 .380 caliber firearm bearing serial number ACNH633 for herself.

2. The conspirators made payments to facilitate the purchase of the HK model VP9 9mm firearm and a Glock .380 caliber firearm bearing serial number ACNF628 for Defendant Darius Carter and S.M., respectively.

3. On or about June 26, 2017, Defendant Darius Carter sent an SMS text message to Defendant Dakota Carr containing a photograph of a black evergreen HK VP9 9mm pistol, which stated words to the effect, "Could I switch to that or n … no." Defendant Dakota Carr responded by SMS text message that stated words to the effect that, "I have one but it used and it's in worse shape … Plus it's more expensive." Defendant Darius Carter, in turn, replied stating words to the effect that, "Can I get my coated the color late down the road." Defendant Dakota Carr responded, "Yea." Defendant Carter further inquired, "Ok bet let me know if you get a light in."

4. On or about July 12, 2017, Defendant Darius Carter sent an SMS text message to Defendant Dakota Carr that stated words to the effect that, "How much do I owe." Defendant Dakota Carr replied via SMS text message by stating words to the effect that, "I think your down to 3 or 4 something."

5. On or about July 13, 2017, Defendant Darius Carter sent an SMS text message to Defendant Lynn Hooks that stated words to the effect that, "I was going to buy my gun today … I think they close at 6."

6. On or about July 14, 2017, Defendants Darius Carter, Defendant Lynn Hooks, and S.M. travelled to Piazza Jewelry & Pawn at 10201 Page Avenue.

7. On or about July 14, 2017, the conspirators paid the balance due on the HK model VP9 9mm firearm bearing serial number 224-021754 and the Glock .380 caliber firearm bearing serial number ACNF628.

8. On or about July 14, 2017, Defendant Lynn Hooks made a false and fictitious written statement on an ATF Form 4473 that she was the actual buyer of the firearms, namely an HK model VP9 9mm firearm bearing serial number 224-021754 and a Glock model 42 .380 caliber firearm bearing serial number ACNF628. This statement was intended and likely to deceive Piazza Jewelry & Pawn, as to a fact material to the lawfulness of such sale of the said firearm to the Defendant under Chapter 44 of Title 18, in that the Defendants did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that Defendant Lynn Hooks was the actual buyer of the firearms indicated on the Form 4473, when in fact as the Defendants then knew, she was not the actual buyer of those firearms.

9. On or about July 14, 2017, Defendant Dakota Carr, knowing that Defendant Lynn Hooks was not the actual buyer of the HK model VP9 9mm firearm bearing serial number 224-021754 and the Glock model 42 .380 caliber firearm bearing serial number ACNF628, processed and signed the ATF Form 4473, in which Defendant Lynn Hooks represented that she was the actual buyer of the firearms. Defendant Dakota Carr facilitated the transfer of the firearms to Defendant Lynn Hooks and Defendant Darius Carter.

10. On or about July 14, 2017, Defendant Lynn Hooks took possession of the HK model VP9 9mm firearm bearing serial number 224-021754, and the Glock model 42 .380 caliber firearm bearing serial number ACNF628. Defendant Lynn Hooks thereafter transferred possession of the firearms to Defendant Darius Carter, and S.M., respectively.

11. On or about July 15, 2017, Defendant Darius Carter and S.M. went to a firing range and shot the firearms.

12. On or about July 15, 2017, S.M. sent an SMS text message to Defendant Darius

Carter that stated words to the effect that, "Did you take your gun apart." Defendant Darius Carter replied via SMS text message, "Yea."

13. On or about July 16, 2017, Defendant Darius Carter and Defendant Dakota Carr exchanged SMS text messages in which Defendant Dakota Carr sent a cartoon depicting images that included firearms and ear protection. Defendant Darius Carter thereafter texted words to the effect that, "I still can't hear out of my left ear."

14. On or about July 27, 2017, Defendant Darius Carter sent an SMS text message to Defendant Dakota Carr that stated words to the effect that, "What's it the light after Tac ... Tax." Defendant Dakota Carr replied via SMS text message by stating words to the effect that "Idk like 130." Defendant Dakota Carr facilitated the purchase of a light to be attached to Defendant Darius Carter's HK model VP9 9mm firearm.

15. On or about July 27, 2017, Defendant Darius Carter utilizing Instagram account "nikecarter3" posted a photograph of the HK model VP9 pistol with an "INFORCE" light attached to a utility slide rail on the firearm. The post contained words to the effect that "She is so beautiful ... #hk #vpg #inforce #9mm."

16.     On or about October 31, 2017, paramedics and police officers responded to the residence of S.M. in St. Louis County, within the Eastern District of Missouri, where they located the body of S.M. The investigation later revealed that S.M. died as a result of a gunshot wound. During the investigation, it was determined that the Glock model 42 .380 caliber firearm bearing serial number ACNF628 was located on or about S.M.'s person.

In violation of Title 18, United States Code, Section 371.

A TRUE BILL

_____

FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____

MICHAEL A. REILLY, #43908MO
Assistant United States Attorney
NINO PRZULJ, #68334MO
Special Assistant United States Attorney